JORDAN MARSH CO. *v.* UNITED STATES

No. 4384.—Invoices dated Kobe, Japan, April 30, May 11, 1931.
Certified April 30, May 11, 1931.

Entered at Boston, Mass., June 9, 15, 1931.
Entry Nos. 5385, 5420.

(Decided September 15, 1938)

*Joseph F. Lockett* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

McClelland, Presiding Judge: This is an appeal to reappraisement filed July 20, 1931, against the action of the appraiser at the port of Boston in finding value of certain merchandise imported from Japan. The appraiser's action is noted on the invoices as follows:

Appraised at invoice prices plus 41 sen per cu. ft. for case, packing & misc. charges.

The case came on for hearing before me at the port of Boston on June 22, 1932, and the only evidence submitted was an affidavit made by I. M. Levy, representative of Oriental Purchasing Co., made before the American vice consul at Kobe, Japan. This affidavit was admitted in evidence over the objection of counsel for the Government. An examination of the invoice shows that, in addition to the unit value of the merchandise expressed thereon, 31 sen per cubic foot was added for case and packing. The aforesaid affiant states in his affidavit:

I further certify that the amount actually paid for case and packing in both shipments was at the rate of 31 sen per cubic foot and that no other sum was paid for case and packing whatsoever; that the amount shown on both of said invoices for cartage and shipping represents the actual amount paid by us for that service and no other charge of any sort whatsoever is included in said item except the actual amount expended for cartage and shipping.

At the close of the hearing before me in Boston, as aforesaid, the appeal was suspended to await the outcome of *United States* v. *F. W. Woolworth Co.*, 26 C. C. P. A. 33, T. D. 49576, wherein it was held that the appeal to reappraisement should have been dismissed for the reason that there was no substantial evidence of record in support of the appeal. In this case, since the Government offered nothing in the way of evidence in support of the appraiser's finding, I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, is the proper basis for the determination of the values of the merchandise here involved and that such values are the entered values.

Judgment will be rendered accordingly.